**THE FREEDMAN FIRM**
Simon P. Leen (CA State Bar No. 332033)
*simon@thefreedmanfirm.com*
1801 Century Park East, Suite 450
Los Angeles, CA 90067
Telephone: (310) 285-2210

**THE OPPENHEIMER FIRM**
Jon Neuleib*
*jonn@eolawus.com*
Michael Oppenheimer*
*michael@eolawus.com*
223 W. Jackson Blvd., Suite 612
Chicago, IL 60606
Telephone: (312) 327-3370

*\*Pro Hac Vice* application to be filed
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, an individual, and JANE DOE 2, an individual,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DAVID KOCHMANSKI, an individual, and the CITY OF SOUTHGATE,<br><br>                    Defendants. | Case No.:  2:25-cv-9087<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jane Does 1 and 2 allege as follows:

## INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and under the laws of the State of California, against David Kochmanski in his individual and official capacities, and against the City of Southgate.

2.     David Kochmanski ("Kochmanski") is formerly a police officer with the City of Southgate Police Department ("SGPD").

3.     When Kochmanski served with the SGPD, Kochmanski was notorious for using his position to seek sexual activity with underage girls in the Southgate community.

4.     Despite knowing of Kochmanski's activities, the SGPD took no action to punish Kochmanski or to prevent him from further victimizing the community.  Free to continue his conduct until his retirement in 2017, Kochmanski continued to use his badge and uniform to rape underage girls in Southgate.  Jane Doe 1 and Jane Doe 2 are two of his victims.

## PARTIES

5.     Plaintiff Jane Doe 1 is a resident of Los Angeles County, in the State of California.  Plaintiff Jane Doe 1 is under the age of forty.

6.     Plaintiff Jane Doe 2 is a resident of Los Angeles County, in the State of California.  Plaintiff Jain Doe 2 is under the age of forty.

7.     Defendant David Kochmanski is a resident of Hays County, in the State of Texas.

8.      Defendant City of Southgate ("Southgate") is an incorporated city in Los Angeles County, in the State of California.

## VENUE AND JURISDICTION

9.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; 28 U.S. Code §§ 1331 and 1343(a). This Court may

exercise jurisdiction over the pendent state-law claims in this action under 28 U.S. Code § 1367, as the state-law claims in this action are so related to federal claims in this action as to form part of the same case or controversy.

10.     Defendants David Kochmanski and the City of Southgate are subject to the jurisdiction of this Court under California Code of Civil Procedure § 410.10.

11.     Venue is proper in this judicial district under 28 U.S. Code § 1391(b)(2) because the acts and events alleged herein substantially all occurred within Los Angeles County.

**FACTUAL BACKGROUND**

**A.    <u>Jane Doe 1</u>**

12.     Jane Doe 1 first met Kochmanski in 2004 or 2005, when she was eight or nine.  Jane Doe 1 was at that time living with her parents and her two older sisters in the municipality of Southgate, and on one occasion, her parents called the police because Jane Doe 1's older sisters were fighting.  Kochmanski arrived to defuse the situation.

13.     Kochmanski began to visit Jane Doe 1's household on a regular basis to say hello to Jane Doe 1's oldest sister and to take Jane Doe 1's oldest sister to school. Kochmanski continued this behavior for about three years, from when Jane Doe 1's oldest sister was fourteen years of age to when Jane Doe 1's oldest sister was seventeen years of age.  Kochmanski only stopped coming by when Jane Doe 1's oldest sister became pregnant, in approximately 2007.

14.     In approximately 2009, Jane Doe 1 and her older sister were in an altercation, and their parents again called the Southgate police department. Kochmanski was again sent to their house.  Jane Doe 1 was thirteen at this time.

15.     Immediately thereafter, Kochmanski began to visit Jane Doe 1's house to check up on her.  Kochmanski would visit the household two or three times a month.

16.     Kochmanski quickly gave Jane Doe 1 his cell phone number and urged her to reach out to him if he could do anything for her.

17.     Kochmanski would also routinely find Jane Doe 1 when she was walking to her middle school and from her middle school back home and would give Jane Doe 1 rides to her destination.  When Defendant did so, he was otherwise alone in his squad car and would frequently tell Jane Doe 1 that she was pretty. Defendant was dressed in his full patrol uniform and driving a marked Southgate Police Department vehicle when he gave Jane Doe 1 these rides.

18.     In 2010, Jane Doe 1 began attending South East High School. Kochmanski continued to give Jane Doe 1 rides in his squad car to and from school.

19.     Over time, Kochmanski began to send Jane Doe 1 text messages several times a week, began to more frequently tell her that she was pretty, and began to tell Jane Doe 1 that he wanted to have a relationship with her after she turned 18.

20.     In 2011, when Jane Doe 1 was fifteen years old, she was catcalled by a worker near where she lived.  She told Kochmanski about the incident and shortly thereafter, the worker was arrested for possession of a controlled substance. Defendant later texted Jane Doe 1 to tell her that he had taken care of the situation for her.

21.     Thereafter, Kochmanski increased the frequency with which he contacted Jane Doe 1 and impressed upon her that if she ever needed anything she could call him anytime.

22.     Eventually, Kochmanski broached the possibility of the two of them having sex.  Jane Doe 1 acquiesced to his request and Defendant began to plan an assignation.  After having broached the possibility of sex, Defendant began to kiss Jane Doe 1 'goodbye' after they would see each other.

23.     One day in the summer of 2011, when Jane Doe 1 was fifteen years old, Kochmanski picked Jane Doe 1 up from her house in his squad car.  Defendant was in uniform and armed.

24.     Kochmanski took Jane Doe 1 to an abandoned industrial building and told her that was the place that they would have sex.

25.     Kochmanski parked behind the industrial building and directed Jane Doe 1 to exit the squad car.  Defendant placed Jane Doe 1 on the hood of the vehicle, lowered his pants, lowered Jane Doe 1's pants, and had penetrative sex with Jane Doe 1.  During the entire episode, Defendant was armed and in uniform.

26.     After raping Jane Doe 1, Kochmanski took her home. On the drive home, Defendant directed Jane Doe 1 to not tell anyone that they had sex, because he could lose his job if anyone was to find out. Defendant expressed knowledge of his wrongdoing and attempted to force a 15-year-old girl to help protect his secret and his continued employment.

27.     After raping Jane Doe 1, Kochmanski ceased contacting Jane Doe 1 at her home and on her way to and from school, and they only had intermittent contact thereafter.

**B.      Jane Doe 2**

28.     Jane Doe 2 also grew up in Southgate.

29.     Her first interaction with Kochmanski occurred when she was in high school.  Jane Doe 2's mother had called the police because Jane Doe 2 had not returned home by her curfew.  Kochmanski found Jane Doe 2 and took her to the police station for being under the influence.  Jane Doe 2 did not otherwise substantively interact with Kochmanski on this occasion.

30.     Sometime later, Jane Doe 2 was at a hotel with friends when Kochmanski arrived on unrelated SGPD business.  Kochmanski and Jane Doe 2 recognized each other, and Kochmanski offered to give Jane Doe 2 a ride home.  Jane Doe 2, who was then on probation for having earlier been under the influence, accepted.

31.     Instead of taking Jane Doe 2 home, Kochmanski took Jane Doe 2 to an old school building that was no longer in service.  There, Kochmanski told Jane Doe 2 that he was going to search her for drugs.  During this search, he fondled Jane Doe 2's breasts under her clothing.  When Kochmanski attempted to "search" Jane Doe 2 under her underwear, she told him to stop.  Kochmanski then took Jane Doe 2 home

1    and told her to stay out of trouble.

2        32.    On another occasion, Kochmanski saw Jane Doe 2 walking and instructed

3    her to get into his squad car. Jane Doe 2 did so.

4        33.    Kochmanski took Jane Doe 2 to the same abandoned school.  Once there,

5    he began to kiss her, to fondle her, and directed Jane Doe 2 to fondle his genitals.

6    Kochmanski digitally penetrated Jane Doe 2's vagina on this occasion.  Kochmanski

7    suggested to Jane Doe 2 that they two should have sex in his squad car, but Jane Doe

8    2 told Kochmanski that he was crazy.

9        34.    Kochmanski took Jane Doe 2 home.  On the drive home, Kochmanski

10   told Jane Doe 2 that he had saved her from going to jail when she was on probation

11   for being under the influence and that to pay him back for helping her, she needed to

12   keep quiet about what he had done to her because if anyone found out, he could get

13   into trouble. As with Jane Doe 1, Kochmanski displayed that he knew his conduct was

14   wrong and enlisted his victim to keep his secret and ensure his continued employment.

15       35.    On a later occasion, Kochmanski saw Jane Doe 2 walking and instructed

16   her to get into his squad car.  Jane Doe 2 did so.

17       36.    Kochmanski took Jane Doe 2 to an abandoned house.  Once there,

18   Kochmanski again began to kiss her, to fondle her, and again directed Jane Doe 2 to

19   fondle his genitals.  Kochmanski again digitally penetrated Jane Doe 2's vagina and

20   again suggested the two have sex. Jane Doe 2 refused, and Defendant took her home.

21       37.    Kochmanski then began to manufacture excuses to come to Jane Doe 2's

22   home.  On two of those occasions, Jane Doe 2 was home alone and Kochmanski came

23   inside.  On both of those occasions, Kochmanski again kissed Jane Doe 2, fondled

24   Jane Doe 2, and digitally penetrated Jane Doe 2.

25       38.    Some of the other residents in the neighborhood saw Kochmanski go into

26   Jane Doe 2's house.  Later, one of those residents (who was also underage) was taken

27   to the SGPD stationhouse for an unrelated matter and told a number of officers that

28   Kochmanski was attempting to "get with" one of the underage girls in the community.

1   None of the officers appeared to take any interest in Kochmanski's behavior.

2   39.   On another occasion, Jane Doe 2 was on a city bus when Kochmanski

3   saw her.  Kochmanski gestured to Jane Doe 2 to get off the bus and she refused.  When

4   Jane Doe 2 refused to exit the bus, Kochmanski navigated his squad car in front of the

5   bus and stopped his squad car, refusing to let the bus move until Jane Doe 2 exited the

6   bus.  Jane Doe 2 acquiesced and exited the bus.

7   40.   Kochmanski then directed Jane Doe 2 to enter his squad car, which she

8   did.  Kochmanski then pulled his squad car over and began kissing Jane Doe 2.  Jane

9   Doe 2 told Kochmanski that the whole experience was embarrassing and exited the

10  squad car.

11  41.   During each of these incidents, Jane Doe 2 was a minor.  During each of

12  these incidents, Kochmanski was in uniform and armed.

13  42.   On one occasion, Jane Doe 2's younger brother told Jane Doe 2 that

14  Kochmanski was attempting to hook up with one of his minor friends.

15  **First Cause of Action**
16  **(Violation of 42 U.S.C. § 1983 and the Fourth Amendment to the United States**
    **Constitution – By Jane Doe 1 and Jane Doe 2 Against Defendant Kochmanski)**
17

18  43.   Plaintiffs incorporate by reference paragraphs 1 through 42, as though

19  fully set forth herein.

20  44.   Kochmanski forcefully vaginally penetrated both Jane Doe 1 and Jane

21  Doe 2.

22  45.   On every occasion in which Kochmanski forcefully vaginally penetrated

23  both Jane Doe 1 and Jane Doe 2, Kochmanski was employed as an officer by the SGPD,

24  was wearing his SGPD-issued uniform, and was armed with his SGPD-issued firearm.

25  46.   On every occasion in which Kochmanski forcefully vaginally penetrated

26  both Jane Doe 1 and Jane Doe 2, neither Jane Doe 1 nor Jane Doe 2 consented to the

27  vaginal penetration.  On every occasion in which Kochmanski forcefully vaginally

28  penetrated Jane Doe 1, Jane Doe 1 was a minor.  On every occasion in which

1   Kochmanski forcefully vaginally penetrated Jane Doe 2, Jane Doe 2 was a minor.

2       47.   Kochmanski's actions constituted a violation of Jane Doe 1's and Jane

3   Doe 2's rights under the Fourth Amendment to the United States Constitution to be

4   free from unlawful seizure and the use of unlawful force upon their persons.

5       48.   As a direct and proximate result of Kochmanski's actions, Jane Doe 1 and

6   Jane Doe 2 were substantially physically, mentally, and emotionally injured; and

7   suffered lost wages and profits; all in an amount to be proven at trial.

8       49.   Kochmanski's actions were committed maliciously, oppressively, and in

9   reckless disregard of Jane Doe 1's and Jane Doe 2's constitutional rights, such that an

10  award of punitive damages is appropriate, in an amount to be proven at trial.

11

12                          **Second Cause of Action**
    **(Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United**
13  **States Constitution – By Jane Doe 1 and Jane Doe 2 Against Defendant**
                              **Kochmanski)**
14

15      50.   Plaintiffs incorporate by reference paragraphs 1 through 42, as though

16  fully set forth herein.

17      51.   Kochmanski intentionally sexually assaulted and battered both Jane Doe

18  1 and Jane Doe 2 in a manner that shocks the conscience.

19      52.   Kochmanski's intentional sexual assault and battery of Jane Doe 1 injured

20  Jane Doe 1.

21      53.   Kochmanski's intentional sexual assault and battery of Jane Doe 2 injured

22  Jane Doe 2.

23      54.   Accordingly, Kochmanski's sexual assault and battery of Jane Doe 1 and

24  Jane Doe 2 violated Jane Doe 1's and Jane Doe 2's Fourteenth Amendment rights.

25      55.   As a direct and proximate result of Kochmanski's actions, Jane Doe 1 and

26  Jane Doe 2 were substantially physically, mentally, and emotionally injured; and

27  suffered lost wages and profits; all in an amount to be proven at trial.

28      56.   Kochmanski's actions were committed maliciously, oppressively, and in

reckless disregard of Jane Doe 1's and Jane Doe 2's constitutional rights, such that an award of punitive damages is appropriate, in an amount to be proven at trial.

**Third Cause of Action**
**(Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution – By Jane Doe 1 and Jane Doe 2 Against Defendant Southgate)**

57.    Plaintiffs incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

58.    As complained herein above, Kochmanski deprived Jane Doe 1 and Jane Doe 2 of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

59.    As complained herein above, Kochmanski's deprivation of Jane Doe 1's and Jane Doe 2's rights was done under color of state law.

60.    Kochmanski was widely known by Southgate employees in the SGPD to sexually victimize underage girls in the Southgate community.  The SGPD had a long-standing custom of ignoring Kochmanski's sexual predations and failing to protect the Southgate community from Kochmanski.  Kochmanski, and his fellow officers, acted pursuant to this custom by failing to take steps to prevent Kochmanski from victimizing underage girls in the Southgate community.

61.    Southgate's training policies were not adequate to train its police officer employees regarding the use of their position of power to seek sexual contact with minors. Specifically, the Department did not have a mechanism for whistle-blowers to intervene on behalf of the victims. Additionally, the culture of the Department, approved and overseen by the command structure and those with decision making power, fostered and protected Kochmanski from any discipline or negative consequences up to and including termination and criminal sanctions.

62.    Southgate's training policies were not adequate to train its police officer employees regarding the protection of minors from the sexual predation of other officers.

63.    Southgate was deliberately indifferent to the substantial risk that its policy of failing to train its police officer employees was inadequate to prevent the sexual abuse of minors by its police officer employees.

64.    The SGPD's long-standing custom of ignoring Kochmanski's sexual victimization of underage girls, and Southgate's failure to train its police officer employees, caused the deprivation of Jane Doe 1's and Jane Doe 2's rights.

### Fourth Cause of Action
### (Violation of Cal. Civ. Code § 52.4 – By Jane Doe 1 and Jane Doe 2 Against All Defendants)

65.    Plaintiffs incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

66.    Kochmanski's sexual assaults of Jane Doe 1 and Jane Doe 2 were physical intrusions and physical invasions of a sexual nature performed under coercive conditions.

67.    As a direct and proximate result of Kochmanski's sexual assaults, Jane Doe 1 and Jane Doe 2 suffered and continue to suffer damages, including pain, suffering, emotional distress, mental anguish, and embarrassment.

68.    Defendants are liable for Kochmanski's sexual assaults under California Civil Code § 52.4 and California Government Code §§815.2(a) and 820.

69.    Kochmanski's actions were committed maliciously, oppressively and/or in reckless disregard of Plaintiffs' constitutional rights sufficient for an award of punitive / exemplary damages, in an amount to be proven at trial.

### Fifth Cause of Action
### (Violation of Cal. Civ. Code § 51.7 – By Jane Doe 1 and Jane Doe 2 Against All Defendants)

70.    Plaintiffs incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

71.    At all times mentioned herein, Plaintiffs had the right to be from any violence, or intimidation by threat of violence, committed against their persons on account of their sex.

72.     Kochmanski subjected Plaintiffs to intimidation by threats of violence on account of their sex.

73.     In doing so, Kochmanski violated Plaintiffs' civil rights, as set forth in the Ralph Civil Rights Act, codified in Civil Code Section 51.7.

74.     In failing to protect Plaintiffs from Kochmanski's conduct and, instead, refusing to do anything to protect Plaintiffs from Kochmanski's conduct by failing to properly hire, supervise, train or retain Kochmanski, despite knowing of Kochmanski's victimization of underage girls, Southgate aided, incited and/or conspired in Kochmanski's violation of Civil Code § 51.7, which itself is actionable as a violation of Civil Code § 51.7 pursuant to Civil Code § 52.

75.     Defendants' conduct, individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiffs or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiffs, and subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' right to be free from violence, or intimidation by threat of violence, such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

76.     As a direct and proximate result of Kochmanski's actions, Jane Doe 1 and Jane Doe 2 were substantially physically, mentally, and emotionally injured; and suffered lost wages and profits; all in an amount to be proven at trial.

77.     Plaintiffs are entitled to receive and hereby seek statutory damages pursuant to Civil Code § 52(b), including actual and exemplary damages, as well as a civil penalty pursuant to Civil Code § 52(b)(2) of $25,000.

### Sixth Cause of Action
### (Violation of Cal. Civ. Code § 52.1 – By Jane Doe 1 and Jane Doe 2 Against All Defendants)

78.     Plaintiffs incorporate by reference paragraphs 1 through 42, as though

1  fully set forth herein.

2      79.    Kochmanski's actions interfered with, and/or attempted to interfere with,

3  by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiffs

4  of the rights secured to them by the Constitution and laws of the United States, and of

5  the rights secured to her by the California Constitution and otherwise by California

6  law, in violation of California Civil Code §52.1.

7      80.    Defendants are liable to Plaintiffs for said violations of their

8  constitutional rights, pursuant to California Civil Code §52.1, and California

9  Government Code §§815.2(a) and 820.

10      81.    As a direct and proximate result of Kochmanski's sexual assaults, Jane

11  Doe 1 and Jane Doe 2 suffered and continue to suffer damages, including pain,

12  suffering, emotional distress, mental anguish, and embarrassment.

13      82.    Kochmanski's actions were committed maliciously, oppressively and/or

14  in reckless disregard of Plaintiffs' constitutional rights sufficient for an award of

15  punitive / exemplary damages, in an amount to be proven at trial.

**Seventh Cause of Action**
**(Violation of Cal. Civ. Code § 1708.5 – By Jane Doe 1 and Jane Doe 2 Against**
**All Defendants)**

18      83.    Plaintiffs incorporate by reference paragraphs 1 through 42, as though

19  fully set forth herein.

20      84.    Kochmanski committed sexual batteries upon Plaintiffs, as that phrase is

21  defined under California Civil Code Section 1708.5.

22      85.    Kochmanski acted with the intent to cause a harmful or offensive contact

23  with an intimate part of Jane Doe 1, and a sexually offensive contact with Jane Doe 1

24  resulted.

25      86.    Kochmanski acted with the intent to cause a harmful or offensive contact

26  with an intimate part of Jane Doe 2, and a sexually offensive contact with Jane Doe 2

27  resulted.

28      87.    Neither Jane Doe 1 nor Jane Doe 2, who were minors at the time of the

offensive sexual contact, consented Kochmanski's sexual contact.

88.     As a direct and proximate result of Kochmanski's sexual assaults, Jane Doe 1 and Jane Doe 2 suffered and continue to suffer damages, including pain, suffering, emotional distress, mental anguish, and embarrassment.

89.     Kochmanski's actions were committed maliciously, oppressively and/or in reckless disregard of Plaintiffs' constitutional rights sufficient for an award of punitive / exemplary damages, in an amount to be proven at trial.

### Eighth Cause of Action
### (Negligence Under California Common Law – By Jane Doe 1 and Jane Doe 2 Against Defendant Kochmanski)

90.     Plaintiffs incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

91.     Kochmanski owed a duty to refrain from sexually battering Plaintiffs.

92.     Kochmanski breached his duty of care to Plaintiffs by sexually battering Plaintiffs.

93.     As a direct and proximate result of Kochmanski's sexual assaults, Jane Doe 1 and Jane Doe 2 suffered and continue to suffer damages, including pain, suffering, emotional distress, mental anguish, and embarrassment.

### Ninth Cause of Action
### (*Respondent Superior* – By Jane Doe 1 and Jane Doe 2 Against Defendant City of Southgate)

94.     Plaintiffs incorporate by reference paragraphs 1 through 42, as though fully set forth herein.

95.     In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the City of Southgate and were acting at all relevant times within the scope of their employment and under color of law.

96.     Defendant City of Southgate is liable as principal for all torts committed by its agents.

///

///

1

**PRAYER FOR RELIEF**

WHEREFORE, Jane Doe 1 and Jane Doe 2 pray for judgment in their favor against

Defendants, and each of them, as follows:

1.  For actual and compensatory general and special damages, according to

proof at time of trial;

2.  For treble damages under Civil Code Section 52;

3.  For reasonable attorneys' fees;

4.  For punitive damages in an amount sufficient to punish and deter;

5.  For statutory damages;

6.  For trial by jury; and

7.  For such other and further relief as the court deems just and proper.


Dated: September 24, 2025


Respectfully submitted,

By: _____
Simon P. Leen (CA State Bar No. 332033)
*simon@thefreedmanfirm.com*
THE FREEDMAN FIRM
1801 Century Park East, Suite 450
Los Angeles, CA 90067
Telephone: (310) 285-2210

Jon Neuleib*
*jonn@eolawus.com*
Michael Oppenheimer*
*michael@eolawus.com*
THE OPPENHEIMER FIRM
223 W. Jackson Blvd., Suite 612

Chicago, IL 60606
(312) 327-3370

*Pro Hac Vice* application to be filed

Attorneys for Plaintiffs
Jane Doe 1 and Jane Doe 2