UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 25-9087-MWF (AJRx) | | **Date:** November 20, 2025 |
| **Title:** Jane Doe 1, et al. v. David Kochmanski, et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM [13]

Before the Court is Plaintiffs' Jane Doe 1 and Jane Doe 2 Motion for Leave to Proceed Under Pseudonyms (the "Motion"), filed September 30, 2025. (Docket No. 13).

The Motion was noticed to be heard on **November 3, 2025**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. The *Kamehameha* factors tip in Plaintiffs' favor to allow them to proceed by pseudonym at this stage of the action.

## I.   BACKGROUND

Plaintiffs Jane Doe 1 and Jane Doe 2 filed this action against David Kochmanski and the City of Southgate on September 24, 2025. (Docket No. 1). In short, the Complaint alleges that Defendant Kochmanski sexually assaulted and battered both Plaintiffs while they were minors. (*See generally id.*). Based on these allegations, Plaintiffs bring several causes of action against both Defendants for (1) violations of 42 U.S.C. § 1983; (2) violations of Cal. Civ. Code Sections 52.4, 51.7, 52.1, 1708.5; and (3) negligence.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-9087-MWF (AJRx)          Date:  November 20, 2025
Title:     Jane Doe 1, et al. v. David Kochmanski, et al.

## II.   DISCUSSION

"[W]e allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal citation omitted).  "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal quotation marks and citation omitted).

"Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, No. CV–15–07503–MWF (JCx), 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2024) (collecting cases).  This privacy interest is all the more strengthened when the allegations involve sexual abuse of minors.  *See Doe as next friend for Jessy v. Dinkfield*, 2019 WL 4233579, at *1 (C.D. Cal. June 5, 2019) (noting the "strong public interest in maintaining the confidentiality of [such a plaintiff's] identity").

### A.    *Kamehameha* Factors

As Plaintiffs argue, the severity of the threatened harm and the reasonableness of the anonymous parties' fears are easily established in this action. (Motion at 6).  The threat of stigma and further emotional injury associated with being an alleged victim of this type of crime is substantial.  *See Doe K.G. v. Pasadena Hospital Association, Ltd.*, CV 18-8710-ODW (MAAx), 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (holding there is a "high likelihood" of embarrassment and emotional injury if forced to proceed under real names in court).  And as to the public interest, allowing alleged victims of these crimes to proceed anonymously "serves a strong public interest" so that "other victims will not be deterred from reporting such crimes."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-9087-MWF (AJRx) | **Date:** November 20, 2025 |
| **Title:** Jane Doe 1, et al. v. David Kochmanski, et al. | |

As to prejudice, courts typically find no prejudice to defendants from not knowing the names of the plaintiffs at the early stages of proceedings, as here. *See Doe v. U.S. Healthworks*, CV 15-5689-SJO (AFMx), 2016 WL 11745513, at *5 (C.D. Cal. Feb. 4, 2016). Moreover, as Plaintiffs recognize, the Court must diligently "determine the precise prejudice at each stage of the proceedings to the opposing party." (Motion at 6 (citing *Advanced Textile Corp.*, 214 F.3d at 1068)). As such, Plaintiffs have indicated they are willing to enter into a protective order in order to provide Defendants' counsel with Plaintiffs' identities, once they appear. (Motion at 7).

**B.     Local Rule 7-3**

Local Rule 7-3 requires that counsel for the parties meet and confer prior to filing a noticed motion. The Court notes that Plaintiffs filed this Motion before serving Defendants with the Complaint, and thus necessarily did not immediately comply with this Local Rule.

Nonetheless, Plaintiffs asserts through their counsel's declaration that they did meet and confer with Defendant City of Southgate's counsel, who indicated that the City would not oppose the Motion. (Declaration of Simon Leen ISO Motion ("Leen Decl.") ¶ 8). Defendant Kochmanski, however, has not appeared in the action, although Plaintiffs filed a Proof of Service as to him on October 15, 2025. (Docket No. 15). Plaintiffs have thus not conferred with Defendant Kochmanski on this Motion. (Leen Decl. ¶ 9).

Accordingly, while the Court **GRANTS** the Motion at this stage of the proceeding, the Court notes that Defendant Kochmanski may move for reconsideration of this Order once he appears in this action.

This Order will not govern whether pseudonyms will be used at trial.

IT IS SO ORDERED.